FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 21 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

HOWARD BRETT BERGER,

    Defendant,

MICHELLE BERGER,

    Relief Defendant.

Civil Action No.

CV-12 4728

WEXLER, J
LINDSAY, M.

### FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT HOWARD BRETT BERGER AND FINAL JUDGMENT AGAINST RELIEF DEFENDANT MICHELLE BERGER

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against Defendant Howard Brett Berger ("Berger") and Relief Defendant Michelle Berger. In its Complaint, the Commission sought, among other relief against Berger, a permanent injunction to prohibit violations of Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], and Sections 206(1), 206(2), and 206(4), and Rule 206(4)-8 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), & 80b-6(4) & 17 C.F.R. 275.206(4)-8], and an order requiring Berger to pay disgorgement, prejudgment interest, and a civil penalty pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9]. In addition, the Commission sought an order that Michelle Berger pay disgorgement.

By the attached Consent of Defendant Howard Brett Berger to Final Judgment of Permanent Injunction and Other Relief and Relief Defendant Michelle Berger to Final Judgment ("Consent"), they have: entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment of Permanent Injunction and Other Relief Against Defendant Howard Brett Berger and Final Judgment Against Relief Defendant Michelle Berger ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment. This Court, having accepted such Consent, having jurisdiction over the Bergers and the subject matter of this action, and being fully advised in the premises, orders as follows:

I.

## SECTION 10(b) AND RULE 10b-5 OF THE EXCHANGE ACT

**IT IS ORDERED AND ADJUDGED** that Berger, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

2

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

### SECTIONS 206(1) AND 206(2) OF THE OF THE ADVISERS ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Berger, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by using the mails or any means or instrumentality of interstate commerce:

(1) to employ any device, scheme or artifice to defraud any client or prospective client; or;

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## III.

### SECTION 206(4) OF THE ADVISERS ACT AND RULE 206(4)-8

**IT IS FURTHER ORDERED AND ADJUDGED** that Berger his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the

3

Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [15 U.S.C. §275.206(4)-8], by the use of the mails or any means or instrumentality of interstate commerce:

    (a)    to engage in any act, practice, or course of business that is fraudulent, deceptive, or, manipulative; or

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle.

### IV.

### DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Berger and Michelle Berger are jointly and severally liable for disgorgement of $5,399,456.16. In addition, Berger is liable and shall pay an additional $1,433,521.84 of disgorgement; pay $22,776 of prejudgment interest thereon; and a $50,000 civil money penalty, pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9.

### V.

### PAYMENT INSTRUCTIONS

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that within fourteen (14) days of the Court entering Final Judgment, Berger or Michelle Berger shall pay the $5,399,456.16 ordered herein that has been escrowed. In addition, within fourteen (14) days of the Court entering Final Judgment, Berger shall pay an additional $1,433,521.84 of disgorgement; $22,776 of prejudgment interest thereon; and a $50,000 civil money penalty. For all amounts not

fully paid within (14) fourteen days of the Court entering Final Judgment, post-judgment interest shall accrue pursuant to 28 USC § 1961.

The Bergers shall make payments by sending a United States postal money order, certified check, bank cashier's check or bank money order payable to the Registry of the Court of the United States District Court for the Eastern District of New York under cover of a letter that identifies the name and number of this action, with a copy of said cover letter and money order or check to Christopher E. Martin, Esq., Securities and Exchange Commission, Senior Trial Counsel, 801 Brickell Avenue, Suite 1800, Miami, Florida, 33131.

For any payments made, the Bergers shall relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to them. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

Berger shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy,

5

with regard to any civil penalty amount he pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors. Berger further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts he pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

VI.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and the Bergers shall comply with all of the undertakings and agreements set forth in the Consent.

VII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court will retain jurisdiction over this matter and the Bergers in order to enforce the terms of this Final Judgment.

VIII.

### CERTIFICATION UNDER RULE 54(b)

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Central Islip, New York, this 15 day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE

6